UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12–cv-228-FDW
(3:05-cr-400-FDW-12)

| | | |
|---|---|---|
| **MICHAEL ROBERT KEARNS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I.  BACKGROUND

On October 25, 2007, Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty to Counts One, Two and Forty-Four of his Indictment. In return, the Government agreed to dismiss the remaining charges against Petitioner. Count One charged Petitioner with conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 & 2326. Count Two Charge Petitioner with wire fraud and aiding and abetting the same, in violation of 18 U.S.C. §§ 1343 & 2, and 18 U.S.C. § 2326. Count Forty-Four charged Petitioner with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) & 1956(h). (3:05-cr-400, Doc. No. 174).

Petitioner appeared with counsel before U.S. Magistrate Judge David Kessler for his Plea and Rule 11 hearing, and his pleas of guilty were accepted after a thorough colloquy. (Doc. No.

176: Acceptance and Entry of Guilty Plea). On June 12, 2009, Petitioner appeared with counsel before the Court for his sentencing hearing. After finding that there was a factual basis to support Petitioner's guilty pleas, the Court accepted the pleas and entered a judgment of conviction on each count and sentenced Petitioner to 108-month's imprisonment on each count with such sentences to run concurrently. (Doc. No. 330: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

On February 3, 2011, Petitioner filed a pro se motion. Petitioner labeled this effort as an "Omnibus Motion" to vacate his criminal judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure and Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 382). The Government responded in opposition to Petitioner's motions for relief. First, the Government noted that Rule 36 was inapplicable to Petitioner's substantive attack on his criminal judgment as Rule 36 was designated for the correction of clerical errors in a judgment, and Rule 60(b) was inapplicable to the attack on a criminal judgment in a criminal case. The Government asserted that Petitioner could only attack his criminal judgment, if at all, through a petition under 28 U.S.C. § 2255. Next, the Government noted Petitioner's express agreements in his plea agreement regarding the number of victims defrauded through Petitioner's participation in the fraudulent telemarketing scheme, and the amount of restitution for which Petitioner agreed to be responsible. Last, the Government pointed to the provision in Petitioner's plea agreement wherein he agreed not to challenge his criminal judgment except through a Section 2255 for allegations of prosecutorial misconduct and/or ineffective assistance of counsel. (Doc. No. 384).

On April 3, 2011, the Court entered an Order denying Petitioner's Omnibus Motion after concluding that Petitioner had waived his right to contest his criminal judgment through entry

2

into his plea agreement with the Government. The Court observed that Petitioner's plea agreement expressly provided that Petitioner had waived his right to challenge his criminal judgment for any reason, save on grounds of ineffective assistance of counsel and/or prosecutorial misconduct. Petitioner did not file a direct appeal from this Order. Rather, on or about May 11, 2011, Petitioner filed a petition for a writ of mandamus with the United States Court of Appeals for the Fourth Circuit contending that the Court had unduly delayed in ruling on his Omnibus Motion. (Doc. No. 392). The Fourth Circuit denied his petition for mandamus relief after noting that the Court had, in fact, entered its Order on April 3, 2011. (Doc. No. 394).

On April 13, 2012, Petitioner renewed his attack on his criminal judgment, this time filing the present Section 2255 motion. (3:12-cv-228, Doc. No. 1). Petitioner, while clearly recognizing the late nature of his filing, maintains that he is actually innocent and his claims should be heard despite his failure to timely file his Section 2255 motion within one year from the date his criminal judgment became final. The Government has responded to Petitioner's Section 2255 motion by moving to dismiss this action. The Government raises the affirmative defense of failure to file within one-year of the date his criminal judgment became final, and arguing that Petitioner cannot meet the stringent requirements to support equitably tolling the statute of limitation. Last, the Government relies upon Petitioner's waiver to collaterally attack his criminal judgment as detailed in his plea agreement. (Doc. No. 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

3

relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner contends that his conviction was "affirmed by the Circuit Court." (3:12-cv-228. Doc. No. 1 at 3). However, a review of the criminal docket demonstrates that this assertion is erroneous. Absent a direct appeal, Petitioner's criminal judgment became final in June 2009. Petitioner's Section 2255 motion was filed nearly three years after his judgment became final. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (noting that a conviction becomes final on the date the court entered judgment in the absence of a direct appeal).

The Government has expressly pled the one-year statute of limitations in support of dismissal, and argues that Petitioner cannot meet the rigorous standard to support a finding of equitable tolling. Further, the Government asserts the waiver of any collateral attack on his criminal judgment, except for claims of ineffective assistance of counsel and/or prosecutorial misconduct. (Doc. No. 4).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

4

>governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his criminal case, this Court concluded that absent a genuine argument for prosecutorial misconduct or ineffective assistance of counsel, Petitioner had indeed waived his ability to challenge his criminal judgment through his knowing and voluntary entry into the plea agreement with the Government. In the present action, Petitioner is keenly aware that his Section 2255 motion was filed well outside the one-year statute of limitation in § 2255(f). Petitioner maintains, however, that the Court should reach the merits of his Section 2255 because he is actually innocent. As Petitioner reckons, "[i]n other words, a successful free-standing claim of actual innocence not only avoids a procedural bar, but renders any procedural bar irrelevant." (Doc. No. 1 at 6-7). The Court finds that Petitioner's solemn statements under oath during his Plea and Rule 11 hearing foreclose his present argument of actual innocence. See, e.g., United v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (finding that once a plea of guilty is entered, there is "a strong presumption that the plea is final and binding."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 colloquy.").

The principle virtue of a properly administered Plea and Rule 11 hearing is finality for all concerned: the Government, the Court, the public, and the defendant. The Court examined

Petitioner during his sentencing hearing and Petitioner verified his presence at the Plea and Rule 11 hearing; that he was under oath; and that all of his answers to Judge Kessler's questions were true and correct. Moreover, Petitioner confirmed that if the Court asked each question from his colloquy again during his sentencing hearing he would answer the questions the same way. Petitioner also confirmed that he signed the Acceptance and Entry of Plea form, and his trial counsel informed the Court that he believed that Petitioner understood each of Judge Kessler's questions during the plea colloquy. Finally, Petitioner admitted to the Court that he was in fact guilty of the three counts to which he pled guilty before Judge Kessler on October 25, 2007. Following this exchange, the Court was satisfied, as it is today, that Petitioner entered a knowing and voluntary plea of guilty to Counts One, Two, and Forty-Four of his Indictment. See (3:05-cr-400, Doc. No. 333: Sentencing Transcript at 2-4).

Petitioner's late assertion of innocence, an assertion made some four and a half years after the entry of his guilty pleas under oath before Judge Kessler, and nearly three years after his criminal judgment became final, is simply not supported by the evidence. That is, the evidence of his guilty plea given under oath, and his reaffirmation of the knowing and voluntary nature of his pleas of guilty before this Court during his sentencing hearing. Accordingly, the Court finds that Respondent's motion to dismiss Petitioner's Section 2255 motion should be granted as Petitioner's sworn statements during his Rule 11 hearing outweigh his late assertion of innocence. The Court finds that Petitioner has failed to make any case to support equitable tolling, much less a credible case of actual innocence.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss Petitioner's Section 2255 motion is **GRANTED**. (3:12-cv-228, Doc. No. 4).

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

3. Petitioner's Motion for Extension of Time to File a Response or Reply regarding his Motion to Vacate is **DENIED**. (3:05-CR-400, Doc. No. 389).

4. Petitioner's Motion for Extension of Time to File a Response for his Request for Transcripts is **DENIED**. (3:05-CR-400, Doc. No. 390).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 21, 2012

Frank D. Whitney
United States District Judge